UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JENNIFER L. POLTROCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00273-JMS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Motion to Vacate, Set Aside, or Correct Sentence,
Directing Entry of Final Judgment,
and Denying a Certificate of Appealability**

Petitioner filed a successor motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), her sentence was unconstitutionally enhanced and she must be resentenced. For the reasons stated below, the motion for relief **is denied** and **this action is dismissed** pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Section 2255 permits a federal court to grant relief "if it finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Pursuant to 28 U.S.C. § 2244(b)(3), the Seventh Circuit authorized this Court to consider petitioner's claim that her sentence is unconstitutional under Johnson which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. But a review of the petitioner's criminal case, *United States v. Poltrock*, No. 2:10-cr-007-JMS-CMM-2, shows that petitioner was not sentenced pursuant to the ACCA's residual clause. The amended plea agreement in the criminal case shows the plea and sentence were made under *Fed. R. Crim. P.* 11(c)(1)(C), with the parties' agreement on the sentence. *Id.*, dkt. 903. A presentence report was prepared in the criminal case, which considered petitioner's possession of a firearm during the substantive offense as a United States Sentencing Guidelines factor. In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court held the residual clause of the applicable sentencing guideline is *not* unconstitutional.

To the extent that petitioner's sentence was based in any part on the sentencing guidelines, the pursuant to *Beckles, Johnson* does not apply, and petitioner's motion must fail. Petitioner's motion must also fail because the sentence was not imposed pursuant to the ACCA, and finally, because it was an agreed sentence under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Petitioner commenced this action pro se, using a form petition that provided no argument or citation to the underlying case to support the motion. The Court later appointed counsel but that counsel has since withdrawn. Petitioner was directed to file a brief in support of her petition by June 2, 2017. No supporting brief was filed, and on July 20, 2017, the Court directed petitioner to file a supporting brief or a voluntary dismissal by August 22, 2017. No brief or dismissal has been filed.

Petitioner has failed to respond and the Court now **dismisses this action** pursuant to Rule 4 because *Beckles* forecloses petitioner's claim that any enhancement to her sentence was unconstitutional.

Judgment consistent with this Entry shall now issue. **The clerk is directed** to docket a copy of this Entry in case number 2:10-cr-007-JMS-CMM-2.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED**.

Date: 8/28/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Jennifer L. Poltrock
09487-028
Waseca Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1731
Waseca, MN 56093